**FILED**

**NOVEMBER 27, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

NITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GLOBAL LINK LOGISTICS, INC., | :: | |
| | :: | |
| Plaintiff, | :: | |
| | :: | |
| v. | :: | Civil Action No. _____ |
| | :: | |
| MIDWEST INTERMODAL SERVICES, INC., | :: | JURY TRIAL DEMANDED **07 C 6652** |
| | :: | |
| Defendant. | :: | **JUDGE GOTTSCHALL** |
| | :: | **MAGISTRATE JUDGE BROWN** |

## COMPLAINT

COMES NOW Plaintiff, Global Link Logistics, Inc. ("Global Link"), by and through its attorneys, and for its Complaint against Defendant, Midwest Intermodal Services, Inc. ("Midwest"), states as follows:

### THE PARTIES

1.  Global Link is a Delaware corporation with its headquarters in Tucker, Georgia.

2.  Global Link is a non-vessel-operating common carrier ("NVOCC") licensed by the Federal Maritime Commission.  It provides a variety of transportation services for entities seeking to transport cargo internationally, primarily from the Pacific Rim and Latin America.

3.  Midwest is an Illinois corporation with its principal place of business in Arlington Heights, Illinois.

4.  Midwest is a trucking company that provides drayage services.

### JURISDICTION

5.  The matter in controversy is among citizens of different states and exceeds the sum or value of $75,000, exclusive of interest or costs.  This Court has jurisdiction under 28 U.S.C. §§ 1332 and 1391.  Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## FACTS

6.    Global Link has on occasion retained Midwest to provide local drayage services at agreed upon rates to complete transportation of containers for Global Link's customers. Such services have been provided by Midwest in the state of Illinois.

7.    During the summer of 2007, Midwest refused to release cargo in its possession belonging to Global Link's customers unless Global Link paid certain invoices which Midwest claimed were owed, but which were disputed by Global Link.

8.    Midwest had no contractual or other legal right to refuse to release such cargo.

9.    Despite the fact that Global Link provided information to Midwest showing that such invoices were not in fact owing, Midwest continued to insist upon payment of the full amount of such invoices to release the cargo at issue.

10.    Midwest also contacted Global Link's customers directly, demanding payment and making false and disparaging statements in regard to Global Link and its ability to pay Midwest's invoices.

11.    In order to obtain the release of the cargo being held illegally by Midwest, Global Link paid invoices in the amount of $218,000 submitted by Midwest.

12.    Subsequent to that payment, Global Link conducted an audit of its books in regard to its transactions with Midwest.

13.    The audit conducted by Global Link revealed that Midwest:  (1) billed Global Link at rates that are above tariff; (2) double-billed Global Link for certain freight moves; and(3) assessed Global Link incorrect per diem charges.

14.    Global Link's audits show that Midwest currently owes Global Link in excess of $100,000.

2

15.    Despite the fact that information reflecting overpayments has been provided to Midwest, Midwest refuses to make payment to Global Link but instead, continues to demand further payment from Global Link.

16.    Midwest has contacted certain of Global Link's customers and demanded payment of alleged outstanding invoices.  One of the Global Link customers contacted by Midwest was Bassett Furniture Industries, Inc. ("Bassett").

17.    In contacting certain of Global Link's customers, Midwest made false and disparaging statements about Global Link, its business operations and its financial solvency.

18.    By letter dated November 20, 2007, Global Link demanded that Midwest immediately cease and desist from billing or otherwise demanding payment from Global Link's customers and from making false and disparaging statements in regard to Global Link, its business operations or its financial condition.  A true and correct copy of said letter is attached hereto as Exhibit A and made a part hereof.

19.    Midwest responded to Global Link's correspondence that same day, indicating that it would continue to contact Global Link's clients in order to demand payment of monies.

20.    On November 21, 2007, the President and Chief Executive Officer of Midwest, Timothy L Cwick, wrote an email to an employee of Global Link.  The email stated that the employee must be disappointed to work for a company such as Global Link that has never paid its bills on time.  Mr Cwick further stated that Midwest had no intention of discontinuing collection efforts against Global Link's customers and that it intended to contact steam-ship lines in its efforts to collect money allegedly owed Midway.  Finally, Mr. Cwick threatened that: "We are also planning on some things to do at the Bassett stores here locally on Friday to let Bassett's customers know that their vendor does not pay their bills.  I'm sure you will be hearing all about

this on Monday." A true and correct copy of said email is attached hereto as Exhibit B and made a part hereof.

## CAUSES OF ACTION

### COUNT I
### (Breach of Contract)

21.    Global Link incorporates paragraphs 1 through 20 above as if fully set forth herein.

22.    Pursuant to agreement between the parties, Midwest provided certain drayage services for Global Link.

23.    Midwest overcharged Global Link for these services in an amount in excess of $100,000.

24.    Global Link is entitled to payment from Midwest of the amount that it has been overcharged.

### COUNT II
### (Tortious Interference with a Valid Business Expectancy)

25.    Global Link incorporates paragraphs 1 through 24 above as if fully set forth herein.

26.    Global Link has had a long-standing business relationship with certain of the customers for whom Midwest provided local drayage service.

27.    Midwest was aware of this existing business relationship between Global Link and the customers for whom Midwest was providing drayage services.

28.    Midwest intentionally interfered with the business relationship between Global Link and its customers by making disparaging and defamatory statements about Global Link, its business and its financial condition.

4

29.    Midwest falsely represented to Global Link's customers that Global Link had failed to pay for services that Global Link had contracted for and was financially incapable of paying its bills.

30.    As a result of Midwest's defamatory and demeaning statements about Global Link and its business, Global Link's relationship with its customers has been harmed and Global Link has suffered economic damages.

## COUNT III
### (Defamation)

31.    Global Link incorporates paragraphs 1 through 30 above as if fully set forth herein.

32.    Midway has made false and defamatory statements that attack the integrity of Glboal Link's business. Among the false and defamatory statements made by Midway is that Global Link lacks integrity, does not pay its bills on time and does not have the financial resources to pay its bills on time.

33.    Midway's false and defamatory statements were made to third parties, including Global Link's customers.

34.    As a result of the false and defamatory statements made by Midway about Global Link, Global Link's reputation has been irreparably harmed.

35.    As a result of the false and defamatory statements made by Midway about Global Link, Global Link's relationship with its customers has been irreparably harmed.

## COUNT IV
### (Common Law Commercial Disparagement)

36.    Global Link incorporates paragraphs 1-35 as if fully set forth herein.

37.    Midway has made false and defamatory statements that attack the quality of Global Link's services.

38.    Midway's false and defamatory statements were made to third parties, including Global Link's customers.

39.    As a result of Midwest's defamatory and demeaning statements about Global Link and its business, Global Link's relationship with its customers has been harmed, Global Link has suffered irreparable harm to its reputation and Global Link has suffered economic damages.

## COUNT V
### (Deceptive Trade Practices Under the Illinois
### Deceptive Trade Practices Act, 815 ILCS 510/2)

40.    Global Link incorporates paragraphs 1-39 as if fully set forth herein.

41.    The Illinois Deceptive Trade Practice Act  provides in relevant part that a person engages in a deceptive trade practice when one "disparages the goods, services, or business of another by false or misleading representations of fact." 815 ILCS 510/2(8).

42.    The Act further provides that one engages in deceptive trade practices if one "engages in any other conduct which similarly creates a likelihood of confusion or misunderstanding." 815 ILCS 510/2(12).

43.    Midway has made statements that disparage the services and business of Global Link by false or misleading representations of fact.

44.    Midway has engaged in deceptive trade practices by engaging in conduct that creates a likelihood of confusion or misunderstanding as to the quality of the services provided by Global Link.

45.    As a result of Midwest's deceptive trade practices, Global Link's reputation has been irreparably harmed, its relationship with its customers has been harmed, and Global Link has suffered economic damages.

## COUNT VI
### (Deceptive Trade Practices Under the Consumer Fraud
### and Deceptive Business Practices Act 815 ILCS 505/2)

46.     Global Link incorporates paragraphs 1-45 as if fully set forth herein.

47.     The Illinois Consumer Fraud and Deceptive Business Practices Act incorporates by reference the Uniform Deceptive Trade Practices Act.

48.     The Illinois Deceptive Trade Practice Act provides in relevant part that a person engages in a deceptive trade practice when one "disparages the goods, services, or business of another by false or misleading representations of fact." 815 ILCS 510/2(8).

49.     The Act further provides that one engages in deceptive trade practices if one "engages in any other conduct which similarly creates a likelihood of confusion or misunderstanding." 815 ILCS 510/2(12).

50.     Midway has made statements that disparage the services and business of Global Link by false or misleading representations of fact.

51.     Midway has engaged in deceptive trade practices by engaging in conduct that creates a likelihood of confusion or misunderstanding as to the quality of the services provided by Global Link.

52.     Midway intended to have Global Link's customers and the public rely upon its deception in regard to its statements made in regard to Global Link.

53.     Midway's deceptive practices were made in the course of conduct involving trade and commerce.

54.     Midway's deceptive practices were the proximate cause of injury to Global Link, including economic harm, and irreparable harm to its reputation.

### PRAYER FOR RELIEF

**WHEREFORE**, Global Link seeks:

7

(a)    a judgment against Midwest for breach of contract based upon its overcharging Global Link for drayage services in an amount in excess of $100,000, plus interest,

(b)    a judgment against Midwest based upon its tortious interference with Global Link's business relationship with its customers, plus interest,

(c)    a judgment against Midwest for defamation based upon its false, defamatory and demeaning statements about Global Link, its integrity, its business operations and its financial situation, plus interest,

(d)    a judgment against Midwest for common law commercial disparagement based upon its false, defamatory and demeaning statements about Global Link, its integrity, its business operations and its financial situation, plus interest,

(e)    preliminary and permanent orders pursuant to the Illinois Deceptive Trade Practices Act, enjoining Midwest from:

      (i)    contacting Global Link's customers,

      (ii)    billing or otherwise demanding payment from Global Link's customers,

      (iii)    making false and disparaging statements about Global Link, its business operations or financial condition, and

      (iv)    representing or holding out to the public that Global Link does not pay its bills on time or that it is in financial difficulty.

(f)    a judgment against Midwest for deceptive trade practices pursuant to the Illinois Consumer Fraud and Deceptive Business Practices Act, based upon its false, defamatory and demeaning statements about Global Link, its integrity, its business operations and its financial situation, plus interest,

(g)    Global Link's costs of this action,

8

(h)     Global Link's attorneys' fees in this action, including but not limited to those

which may be awarded pursuant to the Deceptive Trade Practices Act, 815 ILCS 510/10a, and

(i)     such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Global Link hereby demands trial by jury in this matter.


GLOBAL LINK LOGISTICS, INC.



By:     /s/  Michael D. Sher_____
                    One of its attorneys


Brendan Collins                              Michael D. Sher
GALLAND KHARASCH                   NEAL, GERBER & EISENBERG LLP
  GREENBERG FELLMAN & SWIRSKY, PC    Two N. LaSalle St., Suite 2200
1054 Thirty-First Street, NW           Chicago, IL  60602
Washington, DC 20007                   Telephone:  312-269-8085
Telephone:  202-342-5200               Facsimile:  312-269-1747
Facsimile:  202-342-5219               Email:  msher@ngelaw.com
Email:  bcollins@gkglaw.com            ARDC No. 2580519


Dated:  November 27, 2007



NGEDOCS: 1483410.2

# EXHIBIT A

# GALLAND, KHARASCH, GREENBERG, FELLMAN & SWIRSKY, P.C.

### ATTORNEYS AT LAW

CANAL SQUARE   1054 THIRTY-FIRST STREET, NW   WASHINGTON, DC 20007-4492
TELEPHONE: 202/342-5200   FACSIMILE: 202/342-5219

RICHARD BAR
DEREK A. BLOOM
BRENDAN COLLINS
STEVEN JOHN FELLMAN
EDWARD D. GREENBERG
DAVID K. MONROE
TROY A. ROLF
DAVID P. STREET
KEITH G. SWIRSKY

KATHARINE FOSTER MEYER
DAVID G. SHANNON
BETH McNAMARA WILSON*
CHRISTOPHER B. YOUNGER*

ROBERT A. KHARASCHº
JOHN CRAIG WELLERº

GEORGE F. GALLAND (1910-1985)

MINNESOTA OFFICE:
700 TWELVE OAKS CENTER DRIVE, SUITE 204
WAYZATA, MN 55391
(T) 952/449-8817   (F) 952/449-0614

WRITER'S DIRECT E-MAIL ADDRESS
bcollins@gkglaw.com

WRITER'S DIRECT DIAL NUMBER
202/342-6793

November 20, 2007

*NOT ADMITTED IN DC
ºOF COUNSEL   **VIA FEDERAL EXPRESS AND EMAIL**

Mr. Tim Cwick, President & CEO
Midwest Intermodal Services, Inc.
1105 East Algonquin Road
Arlington Heights, IL 60005

Re: Cease and Desist from Contacting Global Link Customers

Dear Mr. Cwick:

We are attorneys for Global Link Logistics, Inc. ("Global Link"). We are writing to demand that Midwest Intermodal Services, Inc. ("Midwest") immediately cease and desist from billing or otherwise demanding payment from Global Link's customers, and from making false and disparaging statements in regard to Global Link, its business operations or its financial condition.

Global Link has on occasion retained Midwest to provide trucking services on its behalf. During the summer of 2007, Midwest – without any contractual or legal right to do so – refused to release cargo in its possession belonging to Global Link's customers unless Global Link paid certain invoices which Midwest claimed were owed. Despite the fact that Global Link provided information to Midwest showing that such invoices were not in fact owing, Midwest continued to insist upon payment of the full amount of such invoices to release the cargo at issue. Midwest also contacted Global Link's customers directly, demanding payment and making false and disparaging statements in regard to Global Link and its ability to pay Midwest's invoices. In order to obtain the release of the cargo being held illegally by Midwest, Global Link paid the invoices in the amount of $218,000 submitted by Midwest.

Subsequent to that payment, Global Link conducted a preliminary audit of its books in regard to its transactions with Midwest. This audit revealed that Midwest: 1) billed Global Link at rates that are above tariff; 2) double-billed Global Link for certain freight moves; and 3) assessed Global Link incorrect per diem charges. These audit results indicate that Midwest currently owes Global Link in excess of $100,000. Despite the fact that information reflecting this overpayment has been provided to Midwest, Midwest continues to demand further payment from Global Link. Midwest has also contacted certain of Global Link's customers and demanded payment of alleged outstanding invoices. In so doing, Midwest has once again made false and disparaging statements about Global Link, its business operations and its financial solvency.



⊕INTERLAW.

*An International Association of Independent Law Firms in Major World Centers*

Mr. Tim Cwick, President & CEO
Midwest Intermodal Services. Inc.
November 20, 2007
Page 2

In light of the above, Global Link hereby demands that Midwest immediately cease and desist from billing or otherwise demanding payment from Global Link's customers, and from making false and disparaging statements about Global Link, its business operations or financial condition. In addition to filing suit to recover the overcharges paid to Midwest, Global intends to pursue its legal remedies for defamation, commercial disparagement, and tortious interference with Global Link's business relations. Please be advised that the Global Link customers that Midwest have contacted do in excess of $70 million worth of business annually with Global Link. Midwest will be held liable for any loss of these revenues as a result of Midwest's wrongful and malicious acts.

Please provide written notification within 48 hours of receipt of this letter of your intent to cease and desist from billing or otherwise demanding payment from Global Link's customers, and from making false and disparaging statements about Global Link, its business operations or its financial condition.

Very truly yours,

Brendan Collins

# EXHIBIT B

**From:** Tim Cwick [mailto:tim@midwestintermodal.com]
**Sent:** Wednesday, November 21, 2007 12:04 PM
**To:** Joanne Picardi
**Subject:** FW: Global Link Letter to Midwest Intermodal

Joanne-

You must be so disappointed to work for a company such as Global Link. As you are very much aware, your company has never paid me on time and the allegations in this attached letter are humorous. While I have absolutely no intention of ceasing my legal collection efforts, which include contacting and suing your customers as per ICC rules and regulations, I have also contacted the steam ship lines and am asking them for collection assistance on all of the per diem issues. Just for your information, the steam ship lines have already agreed to help us recover these charges from your company.

We are also planning on some other things to do at the Bassett stores here locally on Friday to let Bassett's customers know that their vendor does not pay their bills. I'm sure you will be hearing all about this on Monday.

You assured me that we would be paid in full, now I get ridiculous letters from some ill informed attorney who is fed lies and fabricated stories about what has happened. Did you not think about this very well before it was done? Did you not consider the fact that your customers were aware that you were not paying us on a timely basis? Even your CEO was aware that we had problems and has given us a personal guarantee that the per diem will be paid. And I believe you told me that this was unnecessary at the time, "Tim, we always pay our bills on time", is what you told me on the phone. Good thing that I insisted on that letter of guarantee. Now we can sue her personally and as an officer of the corporation to collect that money that is owed to us.

This could have all been avoided by just being honest and forthright, instead we have to get ugly and start lying about what has happened. I'm really surprised by this and disappointed, but I have to protect my business and our revenue.


Best Regards,


Timothy L.Cwick
President & C.E.O.
Midwest Intermodal Services, Inc.
Phone- 847-690-1951
Fax-   847-690-1985

"Intermodal Done Right"
-----Original Message-----
**From:** BCollins@gkglaw.com [mailto:BCollins@gkglaw.com]
**Sent:** Tuesday, November 20, 2007 3:51 PM
**To:** tim@midwestintermodal.com
**Cc:** DStreet@gkglaw.com
**Subject:** Global Link Letter to Midwest Intermodal

Attached please find a Cease and Desist letter from Global Link.

Brendan Collins
Galland, Kharasch, Greenberg, Fellman& Swirsky

Canal Square - Suite 200
1054 Thirty-First Street, N.W.
Washington, DC  20007-4492
202 342-6793 (phone)
202 342-5207 (fax)
e-mail: bcollins@gkglaw.com