UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GLOBAL LINK LOGISTICS, INC., | : |
| Plaintiff, | : |
| v. | : Case No.: 1:07-cv-06652 |
| | : Honorable Joan B. Gottschall |
| MIDWEST INTERMODAL SERVICES, INC., | : |
| Defendant. | : |

DECLARATION OF JOANNE PICARDI

1. I have personal knowledge of the facts stated herein and, if sworn as a witness, can testify competently thereto.

2. I am the Intermodal Manager for Global Link Logistics, Inc. ("Global Link"). I have served in this capacity since April of 2005. As Intermodal Manager, my responsibilities include vendor relations, including negotiating rates with vendors such as Midwest Intermodal Services, Inc. ("Midwest").

3. Global Link is a non-vessel operating common carrier (ANVOCC") licensed by the Federal Maritime Commission. Global Link provides a variety of transportation services for entities seeking to transport cargo internationally.

4. Midwest is a trucking company that provides container trucking services. Such services include delivery of containers from a terminal port or rail ramp to a customer's facility.

5. On occasion, beginning in July of 2006, Global Link retained Midwest to provide local drayage services to complete transportation of containers for Global Link=s customers

6. As the Intermodal Manager for Global Link, I have responsibility for negotiating rates with our truck vendors including Midwest and serving as a liaison on billing matters as needed.

7. On a number of occasions, during the summer of 2007, Midwest refused to release cargo in its possession belonging to Global Link=s customers unless Global Link first paid certain invoices which Midwest claimed were owed by Global Link.

8.      Although Midwest had no contractual right to refuse to release such cargo, Global Link nonetheless paid the invoices in order to secure the release of Global Link's customers' goods and thereby ensure that Global Link's customers were not inconvenienced.

9.      On October 20, 2007, Global Link paid invoices in the amount of $218,817.86 to Midwest even though Global Link was not obligated to do so.

10.     Subsequent to that payment, Global Link conducted an internal audit in regard to the invoices from Midwest in its possession. A balance statement from Midwest dated October 9, 2007, is attached as Exhibit A. That document was received and maintained by Global Link in the ordinary course of its business operations. That document reflects the amount of the outstanding invoices submitted by Midwest.

11.     As reflected in the Spreadsheet attached as Exhibit 2, the audit revealed that of the $218,817.86 paid by Global Link to Midwest, only $113,995.38 was validly due and owing. The audit was conducted and maintained in the ordinary course of business by Global Link. The left side of Exhibit 2 reflects the amount of the invoices submitted by Midwest. The right portion of the Exhibit reflects the results of the Global Link audit and the basis for disallowing the charges in question.

12.     The remaining $104,822.48 was the result of invalid charges or invoices of Midwest which were neither due nor owing. These overcharges can be broken down as follows:

- $43,696.08 because Midwest billed above the contract rates;
- $39,165.00 because Midwest billed incorrect per diem charges;
- $2,842.62 because Midwest double-billed certain charges; and
- $19,118.78 because charges were not supported by invoices.

13.     In addition to this $104,822.48, an additional $35,250.00 was paid to outside vendors by Global Link as a direct result of Midwest's delays or errors in transporting goods. These charges consist of per diem and demurrage charges incurred by Global Link as a result of Midwest's failure to return containers to the steamship line within the allotted time.

14.     Global Link is therefore entitled to payment from Midwest in the amount of $140,072.48.

15.   Global Link fulfilled all of its duties and any conditions precedent with respect to its agreements with Midwest.

In accordance with 28 U.S.C. § 1746, I, Joanne Picardi, do hereby state under penalty of perjury that the foregoing is true and correct to the best of my personal information and belief.

1-18-08
Date

Joanne Picardi
Intermodal Manager,
Global Link Logistics, Inc.

## CERTIFICATE OF SERVICE

    I, Athanasios Papadopoulos, an attorney, hereby certify that on January 18, 2008, the foregoing **Declaration of Joanne Picardi** was electronically filed with the Clerk of the Court using the CM/ECF System, and served via Federal Express, upon:

    Midwest Intermodal Services, Inc.
    c/o Its Registered Agent: Michael J. Torchalski
    820 East Terra Cotta Avenue B, Suite 207
    Crystal Lake, IL 60014

    Midwest Intermodal Services, Inc.
    1105 East Algonquin Road
    Arlington Heights, IL 60005

                                                          /s/    Athanasios Papadopoulos

NGEDOCS: 1491935.1