UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GLOBAL LINK LOGISTICS, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No.: 1:07-cv-06652 |
| | : | Honorable Joan B. Gottschall |
| MIDWEST INTERMODAL SERVICES, INC., | : | |
| | : | |
| | : | |
| Defendant. | : | |

## DEFAULT JUDGMENT ORDER

Defendant, Midwest Intermodal Services, Inc., having been served with summons and complaint in this action and having received notice of all proceedings, and having failed to appear in this action, this Court having granted Plaintiff Global Link Logistics, Inc.'s Motion for Entry of Default Against Defendant Midwest Intermodal Services, Inc. and default having been entered on January 10, 2008, this Court enters this default judgment in favor of Plaintiff, Global Link Logistics, Inc., and against Defendant, Midwest Intermodal Services, Inc.

### PROCEDURAL HISTORY

1.      On November 27, 2007, Global Link Logistics, Inc. ("Global Link") filed a six-count Complaint against Midwest Intermodal Services, Inc. ("Midwest") alleging the following causes of action: Count I – breach of contract; Count II – tortious interference with a valid business expectancy; Count III – defamation; Count IV – common-law commercial disparagement; Count V – violation of the Illinois Deceptive Trade Practices Act; and Count VI – violation of the Illinois Consumer Fraud and Deceptive Business Practices Act. (Compl., ¶¶ 1-54.)

2.      On November 30, 2007, Midwest, through its registered agent, was served with a summons and a copy of the Complaint.  Pursuant to Fed. R. Civ. P. 12(a)(1)(A), Midwest had until December 20, 2007, to answer or otherwise respond to the Complaint.

3.      Midwest did not timely file an answer or otherwise respond to the Complaint, nor has Midwest appeared in this action.

4.      On December 27, 2007, Global Link filed its Motion for Entry of Default Against Defendant Midwest Intermodal, Inc. ("Default Motion").

5.      On January 10, 2008, this Court granted Global Link's Default Motion.

## FINDINGS OF FACT

6.      Global Link is a Delaware corporation with its headquarters in Tucker, Georgia. (Compl., ¶ 1.)

7.      Midwest is an Illinois corporation with its principal place of business in Arlington Heights, Illinois.  (Compl., ¶ 3.)

8.      Global Link had on various occasions retained Midwest to provide local drayage services at agreed upon rates to complete transportation of containers for Global Link's customers.  (Compl., ¶ 6; Declaration of Joanne Picardi, ¶ 5 (docket no. 13).)  Such were provided by Midwest in the state of Illinois.  (Compl., ¶ 6.)

9.      During the summer of 2007, Midwest refused to release cargo in its possession belonging to Global Link's customers unless Global Link paid certain invoices which Midwest claimed were owed, but which were disputed by Global Link.  (Compl., ¶ 7; Declaration of Joanne Picardi, ¶ 7.)

10.     Midwest had no contractual or other legal right to refuse to release such cargo. (Compl., ¶ 8; Declaration of Joanne Picardi, ¶ 8.)

2

11.    Despite the fact that Global Link provided information to Midwest demonstrating that such invoices were not in fact owing, Midwest continued to insist upon payment of the full amount of such invoices to release the cargo at issue. (Compl., ¶ 9; Declaration of Joanne Picardi, ¶ 7.)

12.    In order to obtain the release of the cargo being held illegally by Midwest, Global Link paid invoices in the amount of $218,817.86 submitted by Midwest.    (Compl., ¶ 11; Declaration of Joanne Picardi, ¶¶ 8-9.)

13.    Subsequent to that payment, Global Link conducted an audit of its books in regard to its transactions with Midwest. (Compl., ¶ 12; Declaration of Joanne Picardi, ¶ 10.)

14.    The audit conducted by Global Link revealed that Midwest: (1) billed Global Link at rates that are above tariff; (2) double-billed Global Link for certain freight moves; and (3) assessed Global Link incorrect per diem charges. (Compl., ¶ 13; Declaration of Joanne Picardi, ¶¶ 10-12.)

15.    Global Link's audits show that as a result of such improper charges, which were paid by Global Link, Midwest currently owes Global Link $140,072.48. (Compl., ¶ 14; Declaration of Joanne Picardi ¶¶ 10-14.)

16.    Midwest has contacted certain of Global Link's customers and demanded payment of alleged outstanding invoices. (Compl., ¶ 16.) One of the Global Link customers contacted by Midwest was Bassett Furniture Industries, Inc. ("Bassett"). (Id.)

17.    In contacting certain of Global Link's customers, Midwest made false and disparaging statements about Global Link, its business operations and its financial solvency. (Compl., ¶ 17.)

18. By letter dated November 20, 2007, Global Link demanded that Midwest immediately cease and desist from billing or otherwise demanding payment from Global Link's customers and from making false and disparaging statements in regard to Global Link, its business operations or its financial condition. (Compl., ¶ 18.)

19. Midwest responded to Global Link's correspondence that same day, indicating that it would continue to contact Global Link's clients in order to demand payment of monies. (Compl., ¶ 19.)

20. On November 21, 2007, the President and Chief Executive Officer of Midwest, Timothy L. Cwick, wrote an email to an employee of Global Link. (Compl., ¶ 20.) The email stated that the employee must be disappointed to work for a company such as Global Link that has never paid its bills on time. (Id.) Mr. Cwick further stated that Midwest had no intention of discontinuing collection efforts against Global Link's customers and that it intended to contact steam-ship lines in its efforts to collect money allegedly owed Midwest. (Id.) Finally, Mr. Cwick threatened that: "We are also planning on some things to do at the Bassett stores here locally on Friday to let Bassett's customers know that their vendor does not pay their bills. I'm sure you will be hearing all about this on Monday." (Id.)

21. This Court finds that the allegations of the Complaint and the Declaration of Joanne Picardi are sufficient to support the entry of judgment in favor of Global Link and against Midwest on Count I of the Complaint. This Court further finds that as a result of Midwest's breach of contract, Global Link has been damaged in the amount of $140,072.48.

22. This Court finds that the allegations of the Complaint are sufficient to award Global Link permanent injunctive relief pursuant to 815 ILCS 510/3 on Count V of the Complaint.

**IT IS THEREFORE ORDERED AND ADJUDGED:**

23.     This Court has jurisdiction over the parties and claims asserted in the Complaint pursuant to 28 U.S.C. §§ 1332 and 1391;

24.     Defendant, Midwest Intermodal Services, Inc., having been properly served with summons and the Complaint in this action, is in default for having failed to appear;

25.     Judgment is entered on Count I of the Complaint in favor of Global Link Logistics, Inc. and against Midwest Intermodal Services, Inc. in the amount of $140,072.48;

26.     Judgment is entered on Count V of the Complaint in favor of Global Link Logistics, Inc. and against Midwest Intermodal Services, Inc.  Midwest Intermodal Services, Inc. is permanently and forever enjoined from engaging in any of the following conduct:

> a.     contacting anyone it knows to be a customer of Global Link Logistics, Inc.;
>
> b.     billing or otherwise demanding payment from Global Link Logistics, Inc.'s customers;
>
> c.     making false and disparaging statements about Global Link Logistics, Inc., its business operations or financial condition; and
>
> d.     making any statement, written or oral, which represents or indicates that Global Link Logistics, Inc. does not pay its bills on time or that it is in financial difficulty.

27.     Pursuant to 815 ILCS 510/3, attorneys' fees in the amount of $19,905.50 are awarded in favor of Global Link Logistics, Inc. and against Midwest Intermodal Services, Inc.

28.     Costs in the amount of $465.40 are awarded in favor of Global Link Logistics, Inc. and against Midwest Intermodal Services, Inc.

**IT IS FURTHER HEREBY ORDERED:**

Pursuant to Fed. R. Civ. P. 41(a)(2), Counts II, III, IV and VI of the Complaint are dismissed without prejudice and without costs.

ENTERED:

_____
Judge Joan B. Gottschall

Dated: _____2/7/08_____

## CERTIFICATE OF SERVICE

I, Athanasios Papadopoulos, an attorney, hereby certify that on February 4, 2008, the foregoing proposed **Default Judgment Order** was served via Federal Express, upon:

> Midwest Intermodal Services, Inc.
> c/o Its Registered Agent:  Michael J. Torchalski
> 820 East Terra Cotta Avenue B, Suite 207
> Crystal Lake, IL 60014
>
> Midwest Intermodal Services, Inc.
> 1105 East Algonquin Road
> Arlington Heights, IL  60005

/s/     Athanasios Papadopoulos
Athanasios Papadopoulos

NGEDOCS: 1501674.1